UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DAVID W. NAIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:06-CV-292 PS |
| | ) | |
| J.C. GUTIERREZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

David W. Nail, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 and a more definite statement pursuant to Fed. R. Civ. P. 12(e). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court will apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *See Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, *pro se* complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Nail states that on October 1, 2004, he got into an argument with his wife. During the course of the argument, Mr. Nail slapped his wife to calm her down. His wife then called 911, but hung up the phone before anyone answered. Shortly thereafter, Officer Gutierrez and Officer Cutler arrived at the residence. Mr. Nail answered the door, but did not allow the officers in. The officers found out that Mr. Nail's wife was in the home and asked to speak to her. Mr. Nail did not let the officers in, but rather, went to the back porch to smoke a cigarette. His wife did not go to the front door to speak with the officers as requested. The officers entered Mr. Nail's back yard through a latched gate and a confrontation ensued.

Mr. Nail alleges that the officers violated the Fourth Amendment by entering his property through the latched gate and coming into his back yard after he refused to allow them into his house. Searches and seizures inside a home without a warrant are presumptively unreasonable. *Brigham City, Utah v. Stuart*, 126 S.Ct. 1943, 1947 (2006). "The Fourth Amendment prohibition against unreasonable searches and seizures protects persons in their homes against unwarranted intrusions." *United States v. Robeles-Ortega*, 348 F.3d 679, 681 (7th Cir. 2003). Though the officers may have been justified in entering the yard, giving Mr. Nail the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he stated a claim for an unreasonable search by Officer Gutierrez and Officer Cutler in violation of the Fourth Amendment.

Mr. Nail also asserts that the officers used excessive force. "The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion

2

or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559 (1979), the question is "whether the totality of the circumstances" justifies the officers' actions. *Graham*, 490 U.S. 386, 396. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Graham*, 490 U.S. at 396.  The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 441 U.S. at 497.  While Mr. Nail admits that he shoved the officers, and while the officers may have been justified in using this force against him, giving Mr. Nail the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he states a claim of excessive force against Officer Gutierrez and Officer Cutler.

In addition, Mr. Nail asserts a claim against Rusty York, Chief of the Fort Wayne Police Department. An official capacity claim against an individual defendant constitutes a claim against the government entity itself. *Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997). In litigation under § 1983, a municipality is not vicariously liable for the constitutional torts of its employees, but is answerable only for the consequences of its policies. *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001).

> Proof of failure to train officers could be used to demonstrate that the municipality approves (hence has a policy of) improper conduct that training could extirpate. Such a claim ...would depend on establishing that the City's

>policymakers knew that the police were using objectively unreasonable force in apprehending suspects, yet did nothing to solve the problem.

*Id.* Mr. Nail asserts that there should have been a training program for the Fort Wayne Police Department on how to handle these types of situations. Giving Mr. Nail the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim of failure to train against Rusty York in his official capacity.

Finally, although named as a defendant, Mr. Nail does not assert any claims or alleged violations against Steve Carter in either his complaint or his 12(e) statement. Rather, Mr. Nail's complaint only lists Mr. Carter in the event that he was required to give the State of Indiana notice of his lawsuit. Because Mr. Nail does not have any claims against Mr. Carter, he must be dismissed from this action.

For the foregoing reasons, the court:

(1) **GRANTS** David A. Nail leave to proceed against J.C. Gutierrez and Joe Cutler, in their individual capacities, for compensatory and punitive damages on his Fourth Amendment claim for an unreasonable search of his property and on his claim for excessive force on October 1, 2004;

(2) **GRANTS** David A. Nail leave to proceed against Rusty York, in his official capacity, for monetary damages and injunctive relief on his failure to train claim;

(3) **DISMISSES** Steve Carter;

(4) **DIRECTS** the clerk to ensure that a copy of this order is served on J.C. Gutierrez, Joe Cutler, and Rusty York along with the summons and complaint;

(5) **DIRECTS** the United States Marshals Service to effect service of process on J.C. Gutierrez, Joe Cutler, and Rusty York, and

(6) **ORDERS** pursuant to 42 U.S.C. § 1997e(g)(2), that J.C. Gutierrez, Joe Cutler, and Rusty York respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

ENTERED: November 29, 2006

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT
