UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DAVID W. NAIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:06-CV-292 PS |
| | ) | |
| J.C. GUTIERREZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

David W. Nail, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983. In addition to other claims, the court allowed Mr. Nail to proceed on his failure to train claim against Rusty York, in his official capacity, for injunctive relief. On February 5, 2007, Mr. Nail filed a motion for preliminary injunction. In his motion, Mr. Nail seeks the following relief:

> That Rusty York, Chief of Police of the Fort Wayne, Indiana Police Department instruct his officers in the [event] that an arrest has to take place during a domestic dispute, that both parties be arrested in the equal and fair administration of justice.

(docket #50). The defendants filed a motion to strike Mr. Nail's motion for injunctive relief as an improper pleading because it is not supported by rule, case law, or statute, and is irrelevant to the issues involved in Plaintiff's civil rights case. Because Mr. Nail is proceeding *pro se*, the court must liberally construe his filings. *See Kincaid v. Vail*, 969 F.2d 594, 598-99 (7th Cir. 1992). Therefore, since Mr. Nail has been allowed to proceed on his official capacity claims, Mr. Nail's motion may be relevant to this case, and the court will address the merits of his motion.

A party seeking to obtain a preliminary injunction must demonstrate: (1) its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) it will suffer irreparable harm if the injunction is not granted. *Ty v. The Jones Group*, 237 F.3d

891, 895 (7th Cir. 2001). Mr. Nail has not proven that he is likely to succeed on the merits of this claim. Even if Mr. Nail can prove that the defendant failed to adequately train the police officers, there is no case law or statute which would support the relief Mr. Nail has requested. Because Mr. Nail has not proven that he can obtain the relief he seeks, his motion for preliminary injunction must be denied.

The court notes that Mr. Nail's certificate of service on his motion for preliminary injunction is deficient. It states "...I sent this Motion for Injunctive Relief to the U.S. District Court for filing and service on the Defendants."  (docket # 50). Furthermore, Mr. Nail did not attach a certificate of service to his reply. (docket # 65). On January 16, 2007, the court denied Mr. Nail's motion for order to show cause because it did not contain a certificate of service. The court advised Mr. Nail that pursuant to FED. R. CIV. P. 5(b)(1), he must personally send a copy of all his filings to the defendants' attorney and that his filings must include a certificate of service which indicates that he did send a copy to the defendants' attorney. Failure to do so would result in the court striking his filings. On February 27, 2007, the court struck Mr. Nail's motion to certify a constitutional challenge because the certificate of service did not indicate that he had personally sent a copy of the motion to the defendants' attorney. Again, the court advised him of the obligation to do so. On March 5, 2007, the court struck Mr. Nail's discovery filings because they did not contain a certificate of service.  The court once again advised Mr. Nail of his obligations under Rule 5(b)(1). Simply mailing the filing to the court does not comply with Rule 5(b)(1), nor does the court's docketing of Mr. Nail's filings accomplish service on the defendants. It is Mr. Nail's responsibility to properly send a copy of his filings to the defendants' attorney and to include a certificate of service. Mr. Nail has been repeatedly advised of this

obligation. The court now cautions Mr. Nail that if he continues to file documents without properly serving the defendants or without a sufficient certificate of service, the court may sanction him without further notice.

For the foregoing reason, the court:

(1) **DENIES** Mr. Nail's motion for preliminary injunction (docket #50);

(2) **DENIES** the defendants' motion to strike (docket #52); and

(3) **CAUTIONS** Mr. Nail that if he does not serve the defendants in accordance with Rule 5(b)(1) and place the appropriate certificate of service on his filings, the court may sanction him without further notice.

**SO ORDERED.**

ENTERED: March 8, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT