UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DAVID W. NAIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:06-CV-292 PS |
| | ) | |
| J.C. GUTIERREZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

David W. Nail, a *pro se* prisoner, filed a "Challenge of Constitutionality of IC 35-42-2-1-3(a)" on March 9, 2007. Mr. Nail requests that this court certify, pursuant to Federal Rule of Civil Procedure 5.1, that he is challenging the constitutionality of IND. CODE § 36-42-2-1.3(a). Because he is allegedly challenging the constitutionality of the state statue, Mr. Nail requests that Steve Carter be added as a party.

FED. R. CIV. P. 5.1 states:

A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:
(1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:
    (A) a federal statute is questioned and neither the United States nor any of its agencies, officers, or employees is a party in an official capacity, or
    (B) a state statute is questioned and neither the state nor any of its agencies, officers, or employees is a party in an official capacity.

In his current motion, Mr. Nail is attempting to challenge the constitutionality of Indiana's domestic battery statute. However, this challenge is outside the scope of these proceedings. On August 21, 2006, Mr. Nail filed a complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants conducted an unreasonable search of his property, used excessive force, and failed to train the Fort Wayne Police Department officers. On September 11, 2006,

Mr. Nail filed a more definite statement pursuant to FED. R. CIV. P. 12(e). Although Mr. Nail made some brief comments about the Indiana statute, it appeared that Mr. Nail was only alleging unreasonable search, excessive force, and failure to train. For example, in his prayer for relief in his more definite statement, Mr. Nail seeks the following relief:

- A. Compensatory Damages;
- B. Punitive Damages;
- C. Actual Damages for harm done to me . . . .;
- D. Would like a specialized training program for FWPD officers on how to control their own aggressions and;
- E. Proper instruction and enforcement of the Federal Domestic Battery Law since Indiana's is illegal.

(docket # 9, page 6). Because Mr. Nail was seeking proper instruction and enforcement, it appeared that Mr. Nail's allegations were still in regard to the alleged failure to train the Fort Wayne Police Department Officers on the proper way to handle domestic disturbances. Nothing in Mr. Nail's filings indicated that he was attempting to challenge the constitutionality of the Indiana statute as a separate issue apart from his failure to train claim.

On November 29, 2006, in accordance with 28 U.S.C. § 1915A, the court reviewed the merits of Mr. Nail's complaint. The court issued an order allowing Mr. Nail to proceed on his claims of unreasonable search, excessive force, and failure to train. As this case currently stands, Mr. Nail has not been given permission to proceed on a claim challenging the constitutionality of the state statute. The only claims encompassed in Mr. Nail's complaint, and those on which this case is currently proceeding, are the claims for unreasonable search, excessive force, and failure to train. As a result, Mr. Nail's current motion seeking certification of his challenge of the constitutionality of the state statute is outside the current scope of the proceedings and must be denied.

If Mr. Nail wishes to amend his complaint to include this challenge, he may do so as long as he does so before the May 1, 2007 amendment deadline. Mr. Nail would need to file a motion to amend his complaint and attach a copy of the proposed amended complaint which clearly sets forth each and every claim he wishes to proceed on. Mr. Nail may not simply refer to his past filings, but must include each and every claim in his proposed amended complaint. In addition, if Mr. Nail files a motion to amend his complaint, he should also file a motion asking the court to stay the case pending the re-screening of the case pursuant to 28 U.S.C. § 1915A.

For the reasons set forth above, the court **DENIES** the motion to certify a constitutional challenge. (docket # 67).

**SO ORDERED.**

ENTERED: April 9, 2007

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT