UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DAVID W. NAIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:06-CV-292 PS |
| | ) | |
| J.C. GUTIERREZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

David W. Nail, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983. On February 16, 2007, the court held a scheduling conference in this case and gave Mr. Nail until May 1, 2007, to amend his complaint. On March 9, 2007, Mr. Nail filed a motion to certify a constitutional challenge to the Indiana Battery Statute. The court denied Mr. Nail's motion on April 9, 2007, finding that Mr. Nail's alleged constitutional challenge was outside the current scope of his pleadings and that Mr. Nail had not amended his original pleadings. The court held that if Mr. Nail wanted to amend his pleadings to challenge the constitutionality of the Indiana Battery Statute, he could do so, but he must do so by the deadline to amend his complaint. (docket # 82, page 3). The court then told Mr. Nail that if he filed an amended complaint, the court would need to re-screen his case. On April 19, 2007, Mr. Nail requested an enlargement of time to amend his pleadings. The court granted Mr. Nail's motion on April 25, 2007, and gave him until May 31, 2007 to amend his complaint. On May 7, 2007, Mr. Nail filed a motion to withdraw his motion for an extension of time to amend his complaint.

In his motion currently before the court, Mr. Nail states that when he filed his motion for an extension of time, he had not received responses to all of the interrogatories. However, he

now asserts that the interrogatories will not have an impact on the amendment. (docket # 88, ¶ 4). Consequently, it appears that Mr. Nail is asserting that he no longer needs an extension of time to amend his complaint. If Mr. Nail does not wish to file an amended complaint and is satisfied with his current pleadings, he is not obligated to file an amended complaint just because the court has allowed him time to do so. However, if the court vacates its order granting Mr. Nail an extension of time to file an amended complaint, Mr. Nail would now be precluded from doing so because his amended complaint initially had to be filed by May 1, 2007. Giving leeway to Mr. Nail because of his *pro se* status, the court will not vacate its order granting Mr. Nail an extension of time to file an amended complaint. If Mr. Nail wishes to file an amended complaint, he has until May 31, 2007 to do so.

In addition, Mr. Nail also requests the court to bifurcate his claim challenging the constitutionality of the Indiana Battery Statute. As of today's date, Mr. Nail has not filed an amended complaint asserting this claim. Rather, in his motion to withdraw, Mr. Nail alleges that "he does not wish to present, argue and or to defend the merits of the challenge of constitutionality to I.C. 35-42-2-1-3(a) in these pleadings unless the court so orders that he do so through a bifurcation...." (docket # 88, ¶ 5). Mr. Nail is concerned that raising this issue in this case may confuse the issues the court has given him permission to proceed on. The court will not bifurcate the constitutionality claim because this claim has not been properly presented to the court for screening pursuant to 28 U.S.C. § 1915. To allow bifurcation on an issue that the court has not yet had the opportunity to review the merits of is premature. Furthermore, Mr. Nail asserts that the constitutional challenge is entangled with issues of judicial misconduct by state court judges. None of these issues relate to the issues currently in this case, unreasonable search,

2

excessive force, and failure to train. Therefore, it does not appear that bifurcation of this issue is appropriate. This ruling, however, does not preclude Mr. Nail from filing a new lawsuit with the appropriate filing fee and raising these separate issues if these issues are meritorious.

For the aforementioned reasons, Mr. Nail's motion to withdraw (docket # 88) is **DENIED**.

SO ORDERED on May 9, 2007.

S/ROGER B. COSBEY
Roger B. Cosbey
United States Magistrate Judge