UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DAVID W. NAIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:06-CV-292 PS |
| | ) | |
| J.C. GUTIERREZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

David W. Nail, a *pro se* prisoner, filed a complaint for damages pursuant to 42 U.S.C. § 1983. On November 29, 2006, the court allowed Nail to proceed on the following claims: 1) the defendants conducted an unreasonable search and seizure; 2) the defendants used excessive force during an arrest, and 3) the defendants failed to adequately train the police officers. On March 21, 2007, pursuant to FED. R. CIV. P. 57, Nail filed a motion for declaratory judgment on his claim that Defendant Gutierrez and Defendant Cutler illegally entered and searched his property on October 1, 2004.

Rule 57 incorporates 28 U.S.C. § 2201. Under 28 U.S.C. § 2201, "....any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." According to the advisory committee notes to Rule 57, "A declaratory judgment is appropriate when it will "terminate the controversy" giving rise on undisputed or relatively undisputed facts...." The notes also state that "[t]he existence or non-existence of any right, duty, power, liability, privilege, disability, or immunity or of any fact upon which such legal relations depend, or of a status, may be declared." FED. R. CIV. P. 57, ADVIS. COMM. NOTES. The purpose

of the Declaratory Judgment Act is to afford relief from uncertainty and insecurity with respect to legal relations. *Nucor Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 578 (7th Cir. 1994); *Sears, Roebuck & Co. v. American Mut. Liability Ins. Co.*, 372 F.2d 435, 438 (7th Cir. 1967). Otherwise stated, the purpose of declaratory judgments are "to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication, without waiting until his adversary should see fit to begin suit, after damage had accrued." *Nucor Corp.*, 28 F.3d at 578.

Although the defendants have not responded to Nail's motion and the court could summarily rule on the motion pursuant to N.D. Ind. L.R. 7.1(a), the court will address the merits of Nail's motion. In this case, Nail has filed a complaint for monetary damages based upon an unreasonable search and seizure. There is no uncertainty with respect to the legal relations between the parties in this case because the Fourth Amendment has defined the legal relations between the parties with regards to unreasonable search and seizure cases. The issue in this case is not determinative on whether a legal relation exists, but whether or not the officers' conduct rose to the level of an unreasonable search and seizure. This type of determination is not within the purpose of the Declaratory Judgment Act. As a result, Nail's motion for a declaratory judgment (docket # 71) is **DENIED**.

    **SO ORDERED.**

    ENTERED: May 10, 2007

                                              s/ Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT