UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DAVID W. NAIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:06-CV-292 |
| | ) | |
| J.C. GUTIERREZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

David W. Nail, a *pro se* prisoner proceeding *in forma pauperis*, filed a request that the court issue two subpoenas to the following non-parties: (1) Rolf Reporting, "for a copy of the [August 16, 2006] deposition" of Detective Theveny, one of Nail's witnesses; and (2) the Clerk of the state court, so he can obtain a copy of the misdemeanor file for cause #02D04-0410-CM and a copy of the state court felony file for cause #02D04-0508-FC-159. (DE # 114.)  This request, presumably lodged under Federal Rule of Civil Procedure 45, was not accompanied by any showing that Nail has the necessary funds to pay a private court reporter for the costs of a deposition transcript or to have copies made of his state court proceedings. Fed. R. Civ. P. 45(b)(1).

We assume that Nail is relying on his *in forma pauperis* status under 28 U.S.C. § 1915 as the basis for obtaining a free deposition transcript from the private court reporter, Rolf Reporting, or perhaps more accurately stated, one at public expense.  He also does not tell us why the deposition is important, but we can lay that aside at this juncture.  The real problem with Nail's request is that 28 U.S.C. § 1915 does not authorize the expenditure of public funds for deposition costs; indeed, that statute does not relieve a *pro se* prisoner proceeding *in forma*

*pauperis* from paying any of his discovery costs. *Smith v. Pendergrass*, Nos. 1:02-CV-125, 1:02-CV-126, 2003 WL 21919182, at *2-3 (N.D. Ind. 2003). Stated simply, "the majority of the courts that have addressed the issue of payment of court reporter fees and costs of transcription have found that section 1915 does not give the trial court authority to direct the government to pay for such costs." *Wright v. United States*, 948 F. Supp. 61, 62 (M.D. Fla. 1996) (collecting cases); *see also Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770, at *1 (N.D. Ill. June 26, 1996) ("[T]his court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).").

As for the subpoena directed to the state court clerk, it would appear that it would encompass both a "significant expense" and an "undue burden." *See* Fed. R. Civ. P. 45(c)(2)(B), (c)(3)(A)(iv). As we have noted, a *pro se* prisoner in a § 1983 suit may utilize any of the discovery methods prescribed by the Federal Rules of Civil Procedure, but he is still subject to the same terms and conditions as any other civil litigant, including paying for his own discovery costs, such as the cost of copying documents requested in a subpoena duces tecum. *Smith*, 2003 WL 21919182 at *3 (citing *Windsor v. Martingale*, 175 F.R.D. 665, 672 (D. Colo. 1997); *Gregg v. Clerk of U.S. District Ct.*, 160 F.R.D. 653, 654 (N.D. Fla. 1995)). To require the state court clerk to prepare transcripts and to copy criminal files would seemingly, on its face, impose an impermissible shifting of litigation expenses to a non-party and thus run counter to the true tenor of Rule 45. *Id*.

Therefore, Nail's request for subpoenas (DE # 114) is DENIED. If, however, Nail should establish that he has the necessary funds to pay for the costs of the documents he seeks,

he may then renew his request because at that point, the non-parties will presumably no longer be subject to the significant expense involved in complying with the subpoenas.

Enter for this 30th day of November, 2007.

S/Roger B. Cosbey<br>
Roger B. Cosbey,<br>
United States Magistrate Judge