UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **DAVID W. NAIL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   CAUSE NO. 1:06-CV-292 |
| | ) |
| **J. C. GUTIERREZ,** *et al.***,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Plaintiff David W. Nail, a prisoner who is proceeding *pro se*, filed an Objection to the Court's Order of January 10, 2008, and Motion to Stay Telephonic Deposition (Docket # 139, 140). The Defendants filed a response (DE # 141) to his Motion on January 23, 2008, apparently interpreting Mr. Nail's motion as a request for a stay of his deposition that was scheduled by Defendants for February 8, 2008, until some time after he can depose Pamela Olmstead by telephone. However, another possible reading of Mr. Nail's motion that the Court notes, is that Mr. Nail is simply asking to have Ms. Olmstead's deposition reset.

As to the Defendant's interpretation of Mr. Nail's Motion – that is, that Mr. Nail is seeking a stay of his own deposition until after he can take Ms. Olmstead's deposition, then Mr. Nail's request must be denied. After all, the Defendants scheduled Mr. Nail's deposition first and with proper notice. Furthermore, given that "no deposition shall be scheduled on less than fourteen (14) days notice," N.D. Ind. L.R. 30.1, Mr. Nail is simply not in the position to schedule Ms. Olmstead's deposition before February 8, 2008. Moreover, the Court does not see the need to sequence the deposition of Mr. Nail *vis-a-vis* Ms. Olmstead's, and it has not been suggested that such sequencing is necessary either for the convenience of the parties and witnesses or to further the interests of

justice. *See* Fed. R. Civ. P. 26(d)(2)(B).

As to the second possible interpretation of Mr. Nail's Motion – that Mr. Nail is simply seeking to reset Ms. Olmstead's deposition and is indifferent to its sequencing in regard to his own, then his Motion is moot because there is no Olmstead deposition currently set. To explain, the Court denied Mr. Nail's request to depose Ms. Olmstead in its January 10, 2008, Order (Docket # 131), though Mr. Nail may not yet be aware of that outcome or the basis for it since he maintains that he received only the first page of that Order. Simply put, there is no Olmstead deposition to reset.

Therefore, regardless of the interpretation, Mr. Nail's Motion to Stay Telephonic Deposition (Docket # 140) is DENIED. His Objection to the Court's Order of January 10, 2008 (Docket # 139), will be remedied by this Order DIRECTING the Clerk to send Mr. Nail a complete copy of this Court's January 10, 2008, Order (Docket # 131).

SO ORDERED.

Enter for this 24th day of January, 2008.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge

3